**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| SHANNON L. WRIGHT, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CASE NO. 2:19-cv-503 |
| ARAMARK UNIFORM & CAREER APPAREL LLC, | ) ) ) ) |
| Defendant | ) ) |

***PLAINTIFF'S COMPLAINT FOR DAMAGES***

Comes now Plaintiff Shannon L. Wright ("Wright"), by counsel, and for his claims against the Defendant Aramark Uniform & Career Apparel LLC (hereinafter "Aramark"), alleges and says:

**I. FACTUAL ALLEGATIONS**

1. Wright resides in Terre Haute, Vigo County, Indiana.

2. Wright worked for Aramark at its Terre Haute, Indiana facility from March 2018 until the date of his wrongful termination on September 11, 2019. Wright worked as a wash floor technician and as a wash floor lead.

3. At the time he was hired, Wright was promised wages at $14.00 per hour for work as a wash floor technician. Despite the agreement to pay $14.00 per hour, Aramark paid Wright for a period of time at $11.15 per hour and, for a subsequent period of time at $13.00 per hour for his work. Wright made repeated complaints about his underpayment of wages to his supervisors. This included complaints to supervisors Jim Roeker and Eric Accord. Wright's underpayment of wages came to a particular head when Wright had a newly hired wash floor technician named Tim "Ryan" Smith assigned to Wright for training. Wright learned that Mr. Smith, the new employee he was training, was being paid at $14.00 per hour, while Wright was still being paid at a lower hourly rate. Wright continued to make complaints to his Aramark supervisors about his underpayment of wages and overtime. Wright complained to an Aramark

complaint hotline at least twice. Wright complained about his wages to the Human Resources Department (to a woman named Theresa). Wright complained to his production manager, Jackson Lockhart.

4. Wright made specific complaints about his underpayment of overtime wages. In his complaint to Jackson Lockhart, Wright requested records showing all of his 2018 hours of work, telling Mr. Lockhart he needed to calculate his overtime wages owed because of the underpayment and explaining to Mr. Lockhart that he had worked a lot of overtime hours in 2018.

5. At one point, Aramark did promise to make retroactive payments of Wright's underpaid wages and overtime. He was promised payments in four installments. Wright believes one small retroactive payment was made to him but the balance was not paid.

6. On or about September 4, 2019, Wright spoke to Aramark's Terre Haute General Manager, a man named "Duane." Wright told Duane that he still was owed wages and also complained that he did not get a pay raise that other employees received in early 2019. Wright explained to Duane the problems he had been having with Aramark for more than a year over his wages and overtime. Duane dismissed Wright's comments at first, but later became angry, used profanity toward Wright and told him to get back to work. Approximately half an hour after this conversation, Wright's production manager, Jackson Lockhart, told Wright he was suspended and sent him home.

7. On September 11, 2019, Jackson Lockhart telephoned Wright and told Wright he was fired based upon his September 4th conversation with General Manager "Duane" about his unpaid wages. A man named Justin Humphries was on the line with Mr. Lockhart for this conversation. After he was suspended on September 4, 2019, but before he was fired, Wright had again called the Aramark Complaint hotline to report that he had been suspended for complaining about his unpaid wages.

8. Aramark still owes Wright significant unpaid and underpaid wages and overtime

for his work.

9. The only thing Wright did that led to his suspension and termination was complain to his Aramark supervisors and a complaint hotline about his unpaid wages and underpaid overtime.  Wright was plainly terminated in retaliation for activity protected by the FLSA.  Wright had and has a legal right to discuss and to complain about any type of violation of his right to be paid his wages and his overtime under the FLSA.  His termination is a violation of the anti-retaliation provision of the Fair Labor Standards Act, see 29 USC § 215(a)(3).

10. Wright is seeking all available damages, including all lost wages and benefits, all compensatory damages, all unpaid overtime compensation, all unpaid wages, all liquidated damages and all punitive damages.  Wright is seeking payment of all of his reasonable attorney's fees, costs and expenses.  Aramark has intentionally, knowingly and willfully violated Wright's right to be paid his wages and overtime compensation in full.  Wright is expressly alleging that Aramark has not acted in good faith and has, in fact, acted in bad faith in its wage and overtime practices.

## II.  JURISDICTION AND VENUE

11. This Court has jurisdiction over Wright's claims under 28 USC § 1331 as his FLSA overtime and retaliation claims raise questions of federal law.  This Court has pendent jurisdiction over Wright's Indiana law claim which arises from a common set of facts.

12. This Court is the appropriate venue for this cause of action as Wright worked for Aramark at its Terre Haute, Vigo County, Indiana facility.

## III.  ADMINISTRATIVE PROCEDURES

13. Wright complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit.  Wright was involuntarily terminated from employment by Aramark.  As such, Wright's wage claims to recover his unpaid and underpaid wages arise under the Indiana Wage Claims Statute, I.C. 22-2-9.  Wright obtained a letter from the Indiana

Attorney General's Office dated September 25, 2019, which permits his attorney to file this wage claim on Wright's behalf as the Indiana Attorney General's "designee."

## IV.  STATEMENT OF CLAIMS

### A.  Overtime Claims Under the Fair Labor Standards Act

14. Wright incorporates herein by reference paragraphs 1 through 13 above.

15. Defendant Aramark is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA.  Aramark is an "employer," as that term is defined by the FLSA.  Finally, Aramark is a "person" as that term is defined by the FLSA.

16. As described above, Aramark violated Wright's right to be properly paid his full overtime wages in a manner required by the FLSA.

17. Aramark's failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification and warrants the application of the FLSA's three (3) year statute of limitations.

18. Wright seeks all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which he may be entitled for Aramark's violations of the Fair Labor Standards Act.

### B.  Retaliation Claims Under the Fair Labor Standards Act

19. Wright alleges and incorporates herein by reference paragraphs 1 - 33 above.

20. Defendant Aramark is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA.  Aramark is an "employer," as that term is defined by the FLSA.  Finally, Aramark is a "person" as that term is defined by the FLSA.

21. As described above, Aramark knowingly, willfully and intentionally took retaliatory action against Wright based upon his protected activity under the FLSA.  Aramark

violated the anti-retaliation provisions of the FLSA, see 29 USC § 215(a)(3), when it retaliated against Wright, first suspending him and then terminating him, all because Wright complained about his wages and overtime.  The right to make a complaint about his unpaid overtime is a right protected by the FLSA.  But for Wright's protected activities under the FLSA, Aramark would not have terminated Wright's employment.

22. As a result of Aramark's retaliatory and materially adverse actions taken against him, Wright is seeking all available compensatory, equitable and punitive damages against Aramark.  Additionally, Wright seeks payment of all of his reasonable attorney's fees, costs and expenses.

### C.  Indiana Wage Claims Statute Claim

23. Wright incorporates herein by reference paragraphs 1 through 39 above.

24. Aramark's failure to pay Wright his wages 1) on time and 2) in full were acts of bad faith.  Wright is certainly entitled to payment of all of his earned wages, liquidated damages for the late paid wages, and liquidated damages for the unpaid wages.  Wright's right to damages arises under I.C. 22-2-9-4(b), which incorporates the damages provisions of I.C. 22-2-5-2.

25. By way of this Complaint, Wright is seeking all available damages, including all unpaid wages caused by Aramark's failure to pay Wright his hourly wage at the full, promised hourly rate of pay and failure to pay Wright all work.  Wright is owed an additional amount equal to two (2) times his underpaid and unpaid wages, plus any and all attorney's fees, costs, and expenses, and any other damage which he may be entitled pursuant to Indiana Law.

### V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shannon L. Wright respectfully request that the Court enter judgment in his favor against Defendant Aramark Uniform and Career Apparel LLC, and award to Wright all available damages and equitable relief, including, but not limited to, all back pay and benefits, all front pay and benefits, compensatory damages, unpaid or underpaid wages and benefits, unpaid overtime compensation, liquidated damages, punitive damages, and payment of

all his reasonable attorney fees, costs and expenses, along with any other damages or relief necessary to remedy Aramark's violations of the FLSA and the Indiana Wage Claims Statute, together with any available pre-judgment interest, and any other relief which would be just and proper in the premises.

        HASSLER KONDRAS MILLER LLP
        100 Cherry Street
        Terre Haute, Indiana 47807
        (812) 232-9691


        By /s/Robert P. Kondras, Jr.
          Robert P. Kondras, Jr.
          Attorney No. 18038-84
          kondras@hkmlawfirm.com